May it please the court, Alan Schoenfeld for Petitioner Luis Duenas-Alvarez. I'd like to reserve two minutes for rebuttal. The question before this court is whether the record of conviction unequivocally establishes that Duenas-Alvarez was convicted of a generic theft offense. There are two reasons why it does not. First, because the record of conviction does not eliminate the possibility that he was convicted as an accessory after the theft. And second, because the record of conviction does not eliminate the possibility that he was convicted of joyriding. Accordingly, the petition for review should be granted. This court's in-bank decision in Fidal, the panel decision in Pinuliar, and their progeny resolve this petition for review. The government recognizes that, under those cases, Section 10851 is not a categorical theft offense because it reaches accessories after the theft. Further, under those cases, records of conviction that are materially identical to Duenas-Alvarez's record of conviction are insufficient to satisfy the modified categorical approach. This court has repeatedly applied Pinuliar and Fidal to cases just like this one, granting the petitions for review in at least four cases. Ulanday, Oliva Osuna, Moreno-Alvarez, and Garcia. The government does not dispute this, and the government makes no effort to distinguish Duenas-Alvarez's record of conviction from those presented in Fidal, Pinuliar, Ulanday, or Oliva Osuna. How do you deal with our holding in Snellenberger? Even accepting the government's argument under Snellenberger that Snellenberger silently overruled the holder in the holding in Fidal and Pinuliar that a conviction document needs to contain the phrase, as charged in, in order to provide a link between the judgment document and the charging document, the holdings of Fidal and Pinuliar that are relevant here remain intact and control this petition? So let's go back to the first one, which was that whether you need to incorporate the original charge by saying, as charged in the, in count one. Correct. Let's not assume it overrules it. Where does it overrule it, or where could it overrule it? There is some inconsistency between Snellenberger and Fidal on the as-charged requirement. There may be an inconsistency. Are you saying it could overrule it sub salientia? Our — as an initial matter, I think that that part of Snellenberger is irrelevant to resolution of this case. The difference between Snellenberger in this case is in the charging language. Snellenberger specifically narrowed the charging language to a generic theft offense, whereas in this case, the charging instrument simply recited the statutory language of Section 108.5.1, and in doing so, failed to narrow the charging instrument. So even if under Snellenberger, the reference to count one and the abstract of judgment in this case means that he pled guilty as charged, the government has still nevertheless failed to demonstrate that he pled guilty to a generic theft offense. So the problem — I have sympathy with your argument, and I never really thought that we should be using abstracts of judgment in the way that our Court seems to be using them now. But in fact, in the charging document here, it did eliminate the language that is actually in the statute that refers to a party or accessory or accomplice. How do you respond to that? The charging language here is materially indistinguishable to the charging language in Vidal and Panuliar. In both of those cases, the charging instrument simply recited the statutory language, excluding the part about accomplices and accessories, and this Court held that mere recitation of the statutory language is insufficient to narrow the charge to its generic limits. The Court explained that mimicking the statutory language is standard prosecutorial practice in California, and based on that practice, it was impossible for the Court to determine whether the Petitioner was charged as a principal or as an accessory after the fact. The government has pointed to no difference between the charging language here and the charging language in Vidal or Panuliar or Moreno-Alvarez or Oliva-Osuna or any of the other cases where this Court has granted the petition for review based on identical records of conviction. But what do we do with Strickland, which seems to make it anything goes? I'm sorry, but I don't know what case you're referring to. It's another embanked case that came just very shortly after Snellenberger. I apologize, Your Honor. I'm not familiar with that case. Again, even if the government is right about the as-charged-in requirement, the petition for review should be granted under the undisturbed holdings of Vidal and Panuliar that a charging document that merely recites the language of Section 108.5.1 does not narrow the charge to its generic limits. Accordingly, even if a judgment of conviction that refers to a charging document by count number is sufficient to establish that the Petitioner was convicted of the offense as charged, the government has failed to establish that Duenas-Alvarez was charged with a generic theft offense in the first place. Accordingly, even after Snellenberger, this Court has applied Vidal and Panuliar to grant petitions for review of 108.5.1 convictions with materially identical records of conviction to the one presented here. Snellenberger has no bearing on this case. Under the undisturbed holdings of Vidal and Panuliar, Duenas-Alvarez's petition for review should be granted because the record of conviction does not unequivocally establish that he was convicted of a generic theft offense. Should this Court find against Duenas-Alvarez on the accessory-after-the-fact argument, the petition for review should be granted for the independent reason that 108.5.1 reaches the offense of joyriding, which is not a generic theft offense due to its minimal mens rea. And similarly, the record of conviction doesn't rule out the possibility that Duenas-Alvarez was, in fact, convicted of joyriding. If the panel has no other questions. Can I just ask, just as a practical matter, how are these abstracts of judgment handled? Does the defendant, I guess the defendant, does he checkmark it himself or is it done by a clerk? Or does the defendant get a chance to look at this before it's finalized? Do you know anything about that? I do know that the abstract of judgment is prepared by a court clerk. I don't know anything further than that. I don't know whether the defendant has the opportunity to review it. But we're not making any arguments about the admissibility of an abstract of judgment in this case. I know that's a question that's before this Court in a number of cases, and that's not an argument we're pursuing. All right. Thank you, counsel. Thank you, Your Honor. May it please the Court. Brian Beyer on behalf of the Attorney General to respond in this case. The conviction records in this case are clear and convincing evidence of a theft defense aggravated felony. My Mr. Schoenfeld suggested that the evidence has to be unequivocal. The standard of review in the INA is clear and convincing. Let me just walk quickly through the documents. The abstract of judgment shows that Mr. Duenas was convicted by plea on count one of the charge against him. And count one charges him with a theft offense. That's what the Board concluded in matter of VZS. That's what the Court concluded in Vidal. Vidal said in a footnote that a complaint just like this one charged the defendant with acting as a principal rather than accessory after the fact. Vidal came out differently because the plea was entered under People v. West, and the Mr. Vidal was convicted of being a principal or of being an accessory after the fact. Well, you don't disagree that Vidal and Panuti have both said that you needed to incorporate what count one said, not just the label count one. Your Honor, this goes to the question of whether or not the abstract of judgment has the language as charged in the information.  That's right. And yes, Your Honor, that's exactly what Vidal and Penelier state. As we state in our briefs, though, U.S. v. Snellenberger. Okay. Now tell me where in U.S. v. Snellenberger it overrules that. Snellenberger does not expressly discuss that requirement. Okay. It's answering that it doesn't mention that requirement, but by sub silencio it overruled two of those cases. Yes, Your Honor, in part. I mean, Vidal is correct because of the people v. West plea. Penelier is incorrect because in that case there's no evidence and Mr. Duenas neither Mr. Duenas nor his counsel have ever suggested that there was a people v. West plea or a variation from the terms of the charge. We don't know what kind of a plea it was. We don't know what happened at the plea. That's right. We know it's a plea. Okay. And so we know from the abstract judgment it was the plea. You say Snellenberger overrules those by implication and one of them was incorrect, which doesn't really matter whether it's correct or incorrect unless it's been overruled. That's correct, Your Honor. Okay. But Snellenberger came after Penelier. Yes. And there's no way to reconcile respectfully the analysis in Penelier and the analysis in Snellenberger. I mean, Snellenberger could have left the issue open. It could have said, we assume without deciding. It didn't say anything about it. It did not. No, it did not. But at the same time, you cannot reconcile, or as I respectfully suggest, you cannot reconcile the judgment in Snellenberger with Penelier unless you accept that it's unnecessary for the document to state S charges. I do accept that the Court did not consider the question, which would appear to be the case from reading the decision. There's no indication that it considered that problem. Well, that's true, Your Honor, but the judgment necessarily rests on that point. But our law is that not every statement of law and every opinion is binding. When it's clear that a statement is made casually and without analysis, and that's where the statement is actually made, where a statement is uttered in passing without due consideration of the alternatives, or where it's merely a prelude to another legal issue that commands the panel's full attention, then you revisit that question. Because here there's no indication that they were even aware of the Snellenberger issue or that they considered it. Well, Your Honor, the — Or that it was presented to them. With respect, I mean, the — this part of Snellenberger was not a casual statement. It's repeated twice in the decision. No, no. I'm not suggesting that Snellenberger was casual. I'm saying that — No, but this case — That as to this issue, whether Snellenberger overruled our whole line of cases without even mentioning them, without even showing any consideration of them. Well, Your Honor, the fact is that Snellenberger does not make a casual statement about this issue. It doesn't make any statement. It's an important part of the Court's rationale in reaching the judgment. And if the Court did not assume it — Not only did it make a casual statement, it made no statement about the law in Penelier or Vidal. Not even considered them. Well, that's correct, Your Honor. However, as I mentioned, it's — the rationale is inconsistent with the way that Penelier and Vidal approached the issue. And that's an important point. The Court has not since Snellenberger enforced that rule. There was no magic words, critical phrase in the minute order in Snellenberger. There was no magic words or critical phrase in the abstract of judgment in Ramirez v. Lopando. And yet the Court concluded that the abstract of judgment was probative of the nature of the conviction under the modified categorical approach. I'm not sure you're correct that we haven't applied Vidal and Penelier since then. Is that what you're saying? That rule, that the abstract of judgment is not probative, or the minute order is not probative, unless it contains that phrase. I think the fact is we've had seven panels have either applied or reaffirmed the principle in Vidal and Penelier that a charging document must be incorporated by reference since Snellenberger. Well, the Court has cited this point in a number of cases. I think there were two published cases and a bunch of unpublished 10-851-A cases for the most part. And I think that in one of those instances the Court said on remand the Board is supposed to take into account that rule, but it did not enforce it itself. In the other case, the Court, if I recall, the Court did not make that statement in passing, and it was not a critical part of the Court's ruling. A statement in passing is not as good as not mentioning anything at all. That's correct, Your Honor, but nonetheless the ruling was not, the holding of that case was not predicated on the application of that critical rule. With respect to the Mr. Schoenfeld mentioned that there have been a number of unpublished cases in 10-851, with 10-851-A convictions like this where the Court said that it could not distinguish those cases from Penelier and granted the petition. And we agree that if the Court can't distinguish Penelier from this case and concludes that it is controlling, then the Court should grant the petition under its precedent. However, the matter is not all one-sided. The Arteaga case, which the Penelier Court stated was not binding precedent on this issue because the Arteaga Court did not describe the conviction records, is also an important precedent there. It's at least as important as some of these unpublished decisions. And the conviction records in that case, if the Court were to take judicial notice of them, they are exactly the same or they're not materially different in any event from the records in this case. Now, what Penelier said was that, excuse me, what Penelier said was that that's not binding precedent on this Court because the facts were not stated. However, Arteaga said that the conviction records, excuse me, convinced the Court that the conviction was for an aggravated felony and the Court distinguished Bedell on that basis. If the Court would like to take judicial notice, I'm sorry, of those documents, I'd be happy to supply them to the Court so that the Court can see that it's not all one-sided. The other proposition that is important in this case is the question of whether or not the complaint merely cited the language of the statute. This rule is, frankly, contrary to Shepard, which says a generically limited charging document can be used in any case for purposes of a modified categorical approach. Now, what Penelier and Bedell did is that they state that where the record of conviction recites the language of the statutes, merely recites the language of the statute, you can't use the charging document. And the Court did conclude in Bedell, in parts of it, that the record, or I'm sorry, that the complaint only recited the language of the statute. But in other places, the Penelier Court, as the Bedell Court said before it, recognized that the charge was, it charged the Petitioners in those cases with committing the crime in a way that makes them a principal rather than an accessory after the fact. And so Bedell and Penelier, in those respects, kind of, they have cross-currents that go different ways. Kennedy. Well, then, if you doubt an unbanked decision in which we said, rightly or wrongly, that in California, as your opponent mentioned, we said there's a standard practice of just charging what was charged here regardless of the facts, and all they do is put in the names and the dates and the card. And they said, that's not charging specific facts. That's just setting forth a part of the statute. Well, Your Honor, but what's important here is that the complaint is generically limited. I mean, the complaint omits any reference to acting as an accessory. It omits the language. I understand that. But what I'm saying is that in Bedell, that's what they were talking about. Correct. It's exactly the same thing. Correct. And we think Bedell and Penelier both can be read to state that that part of the discussion establishes that the charging document itself is insufficient to establish what the facts were. And we agree with that. I mean, all the complaint generally establishes is what the government thought it could prove. Here, the charging document is accompanied by the abstract that reflects that Mr. Duenas pled guilty or pled and was convicted of the charge as charged in Count 1. It does not include that language in the abstract as charged, but it's sufficient under the assumption that when someone pleads to a charge, they're understood as admitting the essential elements of that crime as charged. All right. Thank you. The as charged in language from Bedell and Penelier has been used repeatedly after Snell and Berger, both in 10851 cases and also in other cases. We cite two such cases at page 15, footnote 8 in our reply brief. As far as in 10851 cases, this Court has applied the as charged in requirement repeatedly following Snell and Berger in Ulanday and Moreno, Alvarez, and Garcia. The government attempts to distinguish Bedell, but has conceded that Penelier is materially identical in all relevant respects to the record of conviction presented here. They fail to distinguish any of the charging language in the information, and they provide no reason for finding that Penelier's holding in that respect is not governing here. As far as Arteaga goes, the Court in Penelier recognized that Arteaga was not binding for purposes of applying the modified categorical approach because the Arteaga decision doesn't describe the record of conviction at all. Even the orders that this Court has issued following Snell and Berger and applying Penelier and Bedell provide detail as to the records of conviction, and they're materially identical to the description that's offered here. In Ulanday, for example, the complaint was virtually identical, using the course words, to the one in Penelier, and the abstract of judgment said that Ulanday took vehicle without owner's consent. Again, this is materially indistinguishable from the record of conviction that's been issued. And finally, as this Court recognized, the holding in Bedell with respect to the standard prosecutorial practice in California of simply reciting the statutory language of 10851 compelled this Court's finding in Bedell that it's impossible to discern from the charging language alone whether someone was charged as a principal or as an I think that's it. Thank you very much. Thank you, counsel.
judges: B. Fletcher, Reinhardt, Wardlaw